IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00215-MR

| | |
|---|---|
| KETOINE MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PHILLIP MCGREGOR KAY, et al., ) | ORDER |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

I. **BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983, complaining about an incident that allegedly occurred at the Craggy Correctional Institution.[1] The Plaintiff names as Defendants in their individual capacities: Phillip Kay McGregor, a correctional sergeant; and Kendal Higdon, a correctional officer. [Doc. 1 at 2]. He claims that the

---

[1] The Plaintiff is presently incarcerated at the Alexander Correctional Institution.

Defendants violated the Eighth Amendment, state law, and policy. [Id. at 3-4]. Specifically, the Plaintiff alleges:

> On [September 16, 2021, between 1:30 and 6:00 pm] I was assaulted by Officer Higdon, and then placed in full restraints from 2 pm to 6 pm by Sgt. Kay. On said date and time I was handcuffed by Officer Higdon and escorted from building 2C to the recreational building. Once we got inside Officer Higdon grabbed me and ran me into the wall. He then slammed me to the ground landing on top of me, then slammed my head face first into the concrete, leaving a gash and cuts on my face. Blood began to pour from my face immediately. Sgt. Kay then placed me in full restraints and put me inside of a holding cell from 2pm-6 pm without being allowed any medical treatment. At 6 pm I was transported to Mission Hospital in Asheville for treatment…..

[Id. at 5]. As injury, he claims that he received cuts to his face and a "gash" above his eye that required stitches. [Id. at 5]. He seeks compensatory and punitive damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

2

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind.

3

Williams, 77 F.3d at 761.

Taking the Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that the Plaintiff's Eighth Amendment claims survive initial review as not clearly frivolous.

The Court liberally construes the Complaint as raising claims of assault and battery under North Carolina law. [Doc. 1 at 4]. Because the Plaintiff's Eighth Amendment claims have passed initial review, and the assault and battery claims are part of the same case or controversy, the Court will exercise supplemental jurisdiction over them at this time. See 28 U.S.C. § 1367(a).

## V. CONCLUSION

For the foregoing reasons, the Court concludes that the Complaint survives initial review.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Eighth Amendment claims have passed initial review against the Defendants Kay and Higdon, and the Court exercises supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims.

2. **IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Kay and Higdon, who are alleged to be current or former employees of the North Carolina Department of Public Safety.

The Clerk is respectfully instructed to mail the Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge

5

Case 1:22-cv-00215-MR   Document 12   Filed 01/03/23   Page 5 of 5