# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00215-MR

| | |
|---|---|
| **KETOINE MITCHELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **PHILIP MCGREGOR KAY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the North Carolina Department of Adult Correction's (NCDAC) sealed Notice [Doc. 19] regarding the Court's Request for Waivers of Service [see Doc. 13].

The pro se Plaintiff brought this action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Craggy Correctional Institution. The Complaint passed initial review against Defendants Phillip McGregor Kay[1] and Kendall Alan Higdon.[2] [Docs. 20, 21]. A service waiver has been filed for Defendant Kay. [Doc. 18]. NCDAC was unable to waive service for Defendant Higdon, who is longer employed at NCDAC. [Doc. 19].

---

[1] Also "Phillip Kay McGregor" in the Complaint. [Doc. 1 at 2].

[2] "Kendal Higdon" in the Complaint. [Doc. 1 at 2].

NCDAC has provided Defendant Higdon's last known address under seal. [Id.].

The Clerk will be directed to notify the U.S. Marshal that Defendant Higdon needs to be served with the summons and Complaint in accordance with Rule 4 the Federal Rules of Civil Procedure. If Defendant Higdon cannot be served at the addresses provided by NCDAC, the U.S. Marshal shall be responsible for locating his home addresses so he may be served. See 28 U.S.C. § 1915(d) (in actions brought *in forma pauperis* under § 1915(d), "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases"); Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915....").

If the U.S. Marshal is unable to obtain service on Defendant Higdon, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. The U.S. Marshal shall not disclose the Defendant's home address to the pro se Plaintiff, and shall file any document containing such address under seal.

The Clerk of Court will be instructed to update the Court file with the Defendant Higdon's correct name as reflected in this Order.

**IT IS, THEREFORE, ORDERED** that the U.S. Marshal shall use all reasonable efforts to locate and obtain service on Defendant Kendall Allen Higdon. If the U.S. Marshal is unable to obtain service on this Defendant, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

**IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail a copy of the Complaint [Doc. 1], the Sealed Notice [Doc. 19], and this Order to the U.S. Marshal, and to substitute Kendall Allen Higdon for "Kendal Higdon" in the Court's records.

**IT IS SO ORDERED.**

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge