IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00215-MR

| | |
|---|---|
| **KETOINE MITCHELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **PHILLIP MCGREGOR KAY, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Craggy Correctional Institution. [Doc. 1]. The Complaint passed initial review on Eighth Amendment claims and the Court exercised supplemental jurisdiction over Plaintiff's assault and battery claims. [Doc. 12]. At that time, the Plaintiff was incarcerated at the Alexander Correctional Institution. [See Doc. 1 at 1, n.1]. The Defendants filed an Answer and the Court entered a Pretrial Scheduling Order. [See Docs. 18, 23, 28, 29]. The Court subsequently extended the pretrial deadlines; the parties now have until January 19, 2024 to file dispositive motions in this matter. [Dec. 4, 2023 Text-Only Order].

On November 20, 2023, the Court took note that a mailing to the Plaintiff's address of record at Alexander CI was returned as undeliverable.[1] [Nov. 20, 2023 Text-Only Notice]. The Plaintiff was directed to update his change of address with the Court within 14 days of the Notice. [Id.]. He was cautioned that "[f]ailure to promptly notify the Clerk of any such change … may result in the dismissal of the pro se plaintiff's action." [Id.; see also Doc. 4 (Order of Instructions cautioning Plaintiff that "[i]f the Plaintiff's address changes and no Notice [of Change of Address] is promptly filed with the Clerk of Court, this case may be dismissed for lack of prosecution")]. On December 11, 2023, the Plaintiff called the Court to inquire about the status of the case and to inform the Court that his mailing address had changed. The Plaintiff was advised of the requirement to file a formal Notice of Change of Address, and the Clerk's Office re-mailed him a copy of the November 20, 2023 Notice and other documents to his informally-reported new address, and to his address of record. [See Court-Only Dec. 11, 2023 Entry].

The Plaintiff has failed to update his address with the Court, and the time to do so has expired. The Plaintiff appears to have abandoned this

---

[1] According to the North Carolina Department of Adult Corrections website, the Plaintiff was released on August 5, 2023, and has an inmate status of "INACTIVE." See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1161626&searchLastName=mitchell&searchFirstName=ketoine&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Jan. 9, 2024); Fed. R. Evid. 201.

action, and the Court is unable to proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for sua sponte dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: January 11, 2024

Martin Reidinger
Chief United States District Judge